Lopez-Pineda v. Garland

BIA
Ling, IJ
A209 996 711

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

VILMA ARACELY LOPEZ-PINEDA,
> *Petitioner,*

v.       **21-6605**
      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**       Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:**            Brian M. Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vilma Aracely Lopez-Pineda, a native and citizen of El Salvador, seeks review of an October 27, 2021 decision of the BIA, affirming a March 29, 2019 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vilma Aracely Lopez-Pineda*, No. A 209 996 711 (B.I.A. Oct. 27, 2021), *aff'g* No. A 209 996 711 (Immig. Ct. N.Y. City Mar. 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, we deny the petition with respect to Lopez-Pineda's argument that her removal proceedings should be terminated for lack of jurisdiction because her Notice to Appear ("NTA") did not contain the date and time of her initial hearing. An NTA without a hearing date and time does not void jurisdiction if it is followed with a hearing notice containing the missing

2

information.  *See Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) ("[A]n NTA that omits information regarding the time and date of the initial removal hearing is . . . adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien."); *see also Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021).   Lopez-Pineda received a hearing notice with the missing information and appeared at her hearing.

We also deny the petition as to the agency's denial of asylum, withholding of removal, and CAT relief.   We have reviewed the IJ's decision as modified or supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).   We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review questions of law and the application of law to fact de novo.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a

3

trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made) . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the agency's determination that Lopez-Pineda was not credible with respect to her claim that gangs threatened her and her family and extorted money from her.

The agency reasonably relied on three inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Lopez-Pineda was inconsistent about when and how much gangs demanded in payment. She testified that gang members began charging her $100 a month in 2016, but her written statement reported that she had begun paying the gang in 2010, and had paid $200 a month from 2010 through 2012, and that the gang had increased the amount in later years.

4

Second, she was inconsistent about how many times and against whom gangs used guns to threaten her, her son, and partner. She testified that gang members threatened her and her son with a gun once, in 2016, when they demanded an increase in payments, and they threatened her partner with a gun in 2010 or 2012. But her written statement reported that gang members threatened her with a gun prior to 2010 when they first demanded payments, then pointed guns at her son and partner while demanding money sometime before 2013, then pointed guns at all three of them in May 2013.

Third, she was inconsistent about when her son left school because of gang threats. She testified that gang members approached her son several times in 2015, and he stopped attending school in El Salvador in June 2015. But her written statement said he stopped attending school for three months in 2014 after gang members went to the school and threatened him.

These inconsistencies provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at

5

Moreover, the agency was not compelled to accept Lopez-Pineda's explanations for the inconsistencies. She testified that her written statement was wrong, it had not been read to her, she had not reviewed it with her attorneys, and that the handwriting in the Spanish version of statement was not her own. These were not compelling explanations because she also testified that she had reviewed her statement and application and did not wish to make any changes. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal citation and quotation marks omitted)). Moreover, as the government has pointed out, she did not exhaust her claim that the statement was not in her handwriting on appeal to the BIA. *See Ud Din v. Garland*, 72 F.4th 411, 419, 420 & n.2 (2d Cir. 2023) (holding that exhaustion of an issue before the BIA is mandatory).

The adverse credibility determination is bolstered by the lack of corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into

6

question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Lopez-Pineda's former husband, who entered the United States with her but had been removed to El Salvador, did not provide a statement, and while Lopez-Pineda testified that her family members were all in the United States, they did not provide details confirming her claims, and her son's statement was partially inconsistent with her written statement.

In sum, the inconsistencies between Lopez-Pineda's testimony and statement and her lack of corroboration provide substantial evidence for the adverse credibility determination, which is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7